**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Romualdo CORDOBA, Defendant–Appellant.**

No. 95–5044.

United States Court of Appeals, Tenth Circuit.

Dec. 12, 1995.

Catherine Depew Hart, Office of the United States Attorney, Tulsa, Oklahoma (Stephen C. Lewis, United States Attorney, and David E. O'Meilia, Assistant United States Attorney, with her on the brief) for Plaintiff-Appellee.

C. Rabon Martin of Martin & Associates, Tulsa, Oklahoma, (Todd G. Tucker, of Martin & Associates, with him on the brief) for Defendant-Appellant.

Before EBEL, HOLLOWAY, and KELLY, Circuit Judges.

EBEL, Circuit Judge.

On June 3, 1994, a federal grand jury returned an eight count Superseding Indictment charging Defendant–Appellant Romualdo Cordoba ("Cordoba") with various violations of the federal drug laws. The Federal Bureau of Investigation ("FBI") subsequently entered three decrees of forfeiture pursuant to 21 U.S.C. § 881 and 19 U.S.C. § 1609 with respect to property seized from Cordoba. Cordoba never filed a claim to the property forfeited. On October 20, 1994, Cordoba entered a written plea agreement wherein he pled guilty to Counts One and Three of the Superseding Indictment and consented to the prior administrative forfeitures. Cordoba now appeals his conviction, arguing that the administrative forfeiture of his property and the subsequent criminal conviction violated the Double Jeopardy Clause of the Fifth Amendment. He also appeals the district court's decision to enhance his sentence under U.S.S.G. § 3B1.1(b). We exercise jurisdiction over Cordoba's direct appeal pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and affirm his conviction and sentence.

## BACKGROUND

At approximately 1:30 a.m. on February 23, 1994, Cordoba was stopped by the Oklahoma Highway Patrol for driving his Chevrolet van twelve miles over the speed limit. Cordoba consented to a search of the van which produced 10 kilograms of cocaine. The van was then seized along with $4,616.00 from Cordoba, $1,291.81 from a passenger in the van, and $778 which was found in a bag beside the driver's seat in the van. The FBI seized the van and currency based on the belief that they were subject to forfeiture pursuant to 21 U.S.C. §§ 881(a)(4) and (a)(6) because the van was used by Cordoba to transport 10 kilograms of cocaine and because both the van and currency were the proceeds of drug trafficking. On the same day as the seizure, a federal complaint was filed against Cordoba and a codefendant on charges relating to possession with intent to distribute 10 kilograms of cocaine. A federal grand jury ultimately returned an eight count Superseding Indictment charging Cordoba with various violations of federal drug laws.

On February 24, 1994, the day after Cordoba's arrest and the seizure of the van and currency, a $10,000.00 cashier's check owned by Cordoba and his wife was seized as drug proceeds, pursuant to 21 U.S.C. § 881(a)(6). Finally, on March 10, 1994, a Corvette owned by Cordoba was also seized as drug proceeds. Cordoba never filed a claim to any of the property seized within the time permit-

ted for him to do so, and on July 6, 1994, August 25, 1994, and September 14, 1994, the FBI entered decrees of forfeiture in favor of the government. 19 U.S.C. § 1609.

On October 20, 1994, Cordoba pleaded guilty to Counts One and Three of the eight count Superseding Indictment. Count One charged Cordoba with conspiring to possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 846, and Count Three charged Cordoba with money laundering of drug proceeds, in violation of 18 U.S.C. § 1956(a)(1)(B). In addition to agreeing to plead guilty to these offenses, Cordoba agreed to the forfeiture of all property derived from or used to facilitate drug trafficking. The first paragraph of the plea agreement provides:

> In return for your client's plea of guilty to Counts One and Three of the pending Third Superseding Indictment in the Northern District of Oklahoma, that is, Conspiracy to Possess With Intent to Distribute Cocaine and Marijuana and Money Laundering, *forfeiture of any property or proceeds from or used in or to facilitate drug trafficking,* . . . the government agrees to dismiss the remaining counts of the Northern District of Oklahoma indictment and not to institute any further prosecutions against him arising out of this investigation. (Emphasis added.)

Prior to sentencing, however, Cordoba filed a motion to dismiss the indictment or to vacate his guilty plea. Cordoba asserted that the Double Jeopardy Clause of the Fifth Amendment was violated as a result of the administrative forfeiture of his property and his subsequent criminal conviction. The district court denied the motion to dismiss and sentenced Cordoba to 135 months of imprisonment on each of Counts One and Three, to run concurrently. This term of imprisonment was to be followed by a five year term of supervised release on count one and a three year term of supervised release on count three, both terms to run concurrently. The district court also imposed a $12,000 fine to be paid in full immediately. Cordoba now appeals the district court's denial of his motion to dismiss the indictment as well as the

enhancement of his sentence under U.S.S.G. § 3B1.1(b).

**ANALYSIS**

*I. DOUBLE JEOPARDY*

Cordoba argues on appeal, as he did before the district court, that the judgment of conviction based upon his guilty plea violates his Fifth Amendment rights pursuant to the Double Jeopardy Clause. He contends that, because the government previously had forfeited a Chevrolet van, a car and currency seized from him in connection with this case, a subsequent criminal prosecution constituted double jeopardy. We review the district court's denial of the motion to dismiss the indictment on double jeopardy grounds *de novo. United States v. Hudson,* 14 F.3d 536, 539 (10th Cir.1994). We review the district court's underlying factual findings for clear error. *O'Connor v. R.F. Lafferty & Co., Inc.,* 965 F.2d 893, 901 (10th Cir.1992).

The Double Jeopardy Clause provides protection from three types of abuses: (1) a second prosecution for the same offense after an acquittal; (2) a second prosecution for the same offense after a conviction, and (3) multiple punishments for the same offense. *United States v. Halper,* 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989); *see also United States v. McDermott,* 64 F.3d 1448, 1454 (10th Cir.1995). Thus, defendants cannot be subject to successive prosecutions or multiple punishments. Cordoba limits his argument on appeal to the latter category, contending that the civil forfeiture of his property pursuant to 21 U.S.C. §§ 881(a)(4) and (a)(6) and his subsequent criminal conviction constitute multiple punishments for the same offense.

In *Halper,* the United States Supreme Court held that double jeopardy applies to civil proceedings when the civil sanction serves the goals of punishment. *Halper,* 490 U.S. at 447–48, 109 S.Ct. at 1901–02. The government in *Halper* sought civil sanctions against a medical service manager who had already been criminally charged and convicted for filing inflated Medicare claims. The Court explained that a civil penalty could

become punitive and not merely remedial in those cases where it is "so extreme and so divorced from the Government's damages and expenses as to constitute punishment." *Id.* at 442, 109 S.Ct. at 1898. The court therefore held that the Double Jeopardy Clause applies to civil penalties "that cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes...." *Id.* at 448, 109 S.Ct. at 1902.

■ In this case, the district court held that the civil forfeiture of Cordoba's property was remedial and not punitive; thus, there were no successive punishments that would trigger double jeopardy. The district court further held that, since Cordoba did not contest the forfeiture of his vehicles and money in the civil proceeding, jeopardy did not attach. We need not reach, however, the question of whether the civil forfeiture of Cordoba's property and his criminal conviction constitute multiple punishments for the same offense because Cordoba waived any objection to the two proceedings against him in his plea agreement.

In his plea agreement with the government, Cordoba agreed to plead guilty to the charges of conspiring to distribute cocaine and marijuana, and money laundering. In the same plea agreement, he consented to the forfeiture of any proceeds of drug trafficking and property used to facilitate drug trafficking. Cordoba's consent to the imposition of both the criminal conviction and the civil administrative forfeitures effectively waived any objection he might have based upon the Double Jeopardy Clause's prohibition against multiple punishments.[1]

■ "[T]he Double Jeopardy Clause ... does not relieve a defendant from the conse-

quences of his voluntary choice." *United States v. Scott,* 437 U.S. 82, 99, 98 S.Ct. 2187, 2198, 57 L.Ed.2d 65, *reh'g denied,* 439 U.S. 883, 99 S.Ct. 226, 58 L.Ed.2d 197 (1978). Furthermore, double jeopardy rights may be waived by agreement, even where double jeopardy was not specifically referred to by name in the plea agreement when the substance of the agreement is to allow for double prosecution. *See Ricketts v. Adamson,* 483 U.S. 1, 10, 107 S.Ct. 2680, 2685–86, 97 L.Ed.2d 1 (1987); *see also United States v. Mezzanatto,* —— U.S. ——, ——, 115 S.Ct. 797, 801, 130 L.Ed.2d 697 (1995) ("A criminal defendant may knowingly and voluntarily waive many of the most fundamental protections afforded by the Constitution."). Conscious waiver is not necessary with respect to each potential defense relinquished by a plea agreement. *United States v. Broce,* 488 U.S. 563, 573, 109 S.Ct. 757, 764, 102 L.Ed.2d 927 (1989) (Double jeopardy defense waived by guilty plea notwithstanding fact that defendant had not focused on possibility of a double jeopardy defense at time guilty plea was entered). Thus, the fact that Cordoba was not specifically advised by counsel of his double jeopardy rights at the time he entered the plea agreement does not *per se* defeat his waiver in this case. *See id.* at 572–73, 109 S.Ct. at 763–64. "Relinquishment [of a double jeopardy claim] derives not from any inquiry into a defendant's subjective understanding of the range of potential defenses, but from the admissions necessarily made upon entry of a voluntary plea of guilty." *Id.* at 573–74, 109 S.Ct. at 764–65. In this case, Cordoba expressly consented to a criminal conviction and the administrative forfeitures through his plea agreement. Thus, we conclude that he effectively waived any claim that he was subjected to impermissible multi-

---

1. Cordoba did not challenge in his brief the government's assertion that the property seized and forfeited constituted proceeds from drug trafficking. He did, however, during oral argument state that the seized van was not purchased with drug money. This contention, even if true, does not exclude the van from the provisions of his plea agreement. The plea agreement referred to the forfeiture of "any property or proceeds from or used in or to facilitate drug trafficking." Not only are the proceeds of drug trafficking subject to the plea agreement, but also any property

which was "used in or to facilitate drug trafficking." The van was originally subject to forfeiture because law enforcement believed that it constituted proceeds of drug trafficking *and* because it had been used by Cordoba to transport 10 kilograms of cocaine. In fact, at the time of Cordoba's arrest, the 10 kilograms of cocaine were found in the van. Thus, the van is subject to the provisions of the plea agreement both as drug proceeds and property which was used to "facilitate drug trafficking."

1547

ple punishment under the Double Jeopardy Clause of the Fifth Amendment.

## II. SENTENCE ENHANCEMENT

Cordoba next argues that the district court improperly enhanced his sentence three levels based on an erroneous finding that he was a "manager or supervisor" in a criminal activity involving five or more participants. U.S.S.G. § 3B1.1(b). "Enhancement under section 3B1.1(b) applies to a defendant who 'exercised some degree of control or organizational authority over someone subordinate to him in the drug distribution scheme.'" *United States v. Pelliere*, 57 F.3d 936, 939–40 (10th Cir.1995) (quoting *United States v. Roberts*, 14 F.3d 502, 524 (10th Cir.1993), *cert. denied*, ___ U.S. ___, 115 S.Ct. 1417, 131 L.Ed.2d 301 (1995)). The district court's findings of fact as to aggravating role are reviewed for clear error; the application of those facts to the guidelines is reviewed *de novo*. *Pelliere*, 57 F.3d at 940.

In enhancing a defendant's sentence for his role in the offense, the sentencing court must make specific factual findings as to that role. *Roberts*, 14 F.3d at 522. In this case, the district court relied upon the presentence report and the addendum to the presentence report which recited the names of at least five persons other than Cordoba who were participants in the criminal activity. The addendum to the presentence report specifically listed Augustin Jaramillo, Julio Peralta, Juan Gomez, Jose Garcia, and an individual referred to as "Matis" as participants with Cordoba. R.O.A. Appellant's App., Sentencing Trans. at 16. During the sentencing hearing held on February 14, 1995, defense counsel objected only to the reference in the presentence report to "Matis," but conceded that the other four persons listed were participants in the criminal activity. *Id.* at 17–18. Since Cordoba himself is included among the participants for the purposes of section 3B1.1, the "five or more participants" required for an enhancement under section 3B1.1(b) is satisfied. *United States v. Reid*, 911 F.2d 1456, 1464 (10th Cir.1990), *cert. denied*, 498 U.S. 1097, 111 S.Ct. 990, 112 L.Ed.2d 1074 (1991). The only

remaining issue then is whether the district court erred in determining that Cordoba was a "manager or supervisor." This issue, however, was likewise conceded by counsel during the sentencing hearing. Counsel for Cordoba stated that the evidence in the presentence report would at least support a two point adjustment. R.O.A. Appellant's App., Sentencing Trans. at 18. The two point adjustment referred to is found in section 3B1.1(c), which allows a two point adjustment where a defendant is determined to be an "organizer, leader, manager, or supervisor in any criminal activity [that involved less than five participants or was not otherwise extensive]." Thus, counsel's concession with respect to section 3B1.1(c) establishes that Cordoba was at least a manager or supervisor in a criminal activity. The three point enhancement was appropriate under section 3B1.1(b) because, as discussed above, the criminal activity involved five or more participants. We therefore find no clear error in the district court's factual findings supporting the enhancement of Cordoba's sentence under U.S.S.G. § 3B1.1(b).

## CONCLUSION

For the reasons stated above, we **AFFIRM** Cordoba's conviction and sentence.