**William James HARMON, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 95–CV–233–J.**

United States District Court,
D. Wyoming.

June 25, 1996.

William James Harmon, Maxwell AFB, AL, pro se.

David Freudenthal, United States Attorney, and L. Robert Murray, Assistant United States Attorney, Cheyenne, WY, for Respondent.

***MEMORANDUM AND ORDER DENYING MOTION FOR POST–CONVICTION RELIEF PURSUANT TO 28 U.S.C. § 2255***

ALAN B. JOHNSON, Chief Judge.

Before the court is William James Harmon's motion for post-conviction relief pursuant to 28 U.S.C. § 2255. Having considered all of the relevant facts and law, the materials submitted by the parties, and the entire file both in this case, in the underlying criminal case, *United States v. Harmon,* D.Wyo. No. 88–CR–67–J, and in the underlying forfeiture proceeding, *United States v. One 1984 Ford F250 Pickup Truck,* D.Wyo. No. 89–CV–68–K, the court concludes Mr. Harmon's motion should be **DENIED.**

**I**

On February 23, 1989, a grand jury indicted Mr. Harmon on one count of possession of cocaine with the intent to distribute/aiding and abetting possession of cocaine with the

intent to distribute in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). Government's Amended Response to Defendant's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (hereafter "Amended Response"), exh. A. The court dismissed the indictment without prejudice pursuant to a stipulation between the parties on July 20, 1989. *Id.,* exh. B. On the same day, the government filed an information charging Mr. Harmon with the same offense alleged in the indictment. *Id.,* exh. C. On September 21, 1989, a jury found Mr. Harmon guilty of the offense alleged in the information, and the court accordingly entered a judgment of conviction on November 15, 1989. *Id.,* exh. D; *United States v. Harmon,* D.Wyo. No. 88–CR–67–J, Document No. 80. This court sentenced Mr. Harmon to 127 months imprisonment to be followed by five years supervised release, and also imposed a $17,500 fine and a $50.00 special assessment. *Id.* Mr. Harmon appealed his conviction, and the Tenth Circuit affirmed. *United States v. Harmon,* 918 F.2d 115 (10th Cir.1990).

On March 13, 1989, while Mr. Harmon's criminal case was under way, the government filed an in rem forfeiture proceeding against Mr. Harmon's Ford pickup truck and utility trailer, pursuant to 21 U.S.C. § 881. Amended Response, exh. E. Mr. Harmon initially filed a claim in the forfeiture proceeding, but formally withdrew his claim and stipulated to the forfeiture of the property in question on October 24, 1989. *Id.,* exh. H; *United States v. One 1984 Ford F250 Pickup Truck,* D.Wyo. No. 89–CV–68–K. The clerk of court entered a default on May 15, 1990, *id.,* exh. F, and the court entered a decree of forfeiture on May 18, 1990, *id.,* exh. G.

On October 19, 1995, Mr. Harmon brought the instant pro se motion to vacate the sentence in his criminal case pursuant to 28 U.S.C. § 2255, alleging his criminal conviction amounted to double jeopardy in violation of the Fifth Amendment. The matter has been fully briefed, and is now ripe for decision by this court.

## II

■ The government's primary contention is that Mr. Harmon's criminal proceedings and conviction did not amount to "double jeopardy," i.e., double prosecution or punishment, prohibited by the Fifth Amendment, because the in rem civil forfeiture proceeding did not place him in "jeopardy," given that he withdrew his claim and allowed a default to be entered in the in rem proceeding. The court agrees for three reasons. First and foremost, the Supreme Court has recently held that civil in rem judicial forfeiture proceedings under 21 U.S.C. §§ 881(a)(6) and 881(a)(7), whether or not the owner contests the forfeiture, are "neither 'punishment' nor criminal for purposes of the Double Jeopardy Clause," and do not bar a separate criminal prosecution against the owner of the forfeited property. *United States v. Ursery,* —— U.S. ——, ——, 116 S.Ct. 2135, 2137, 135 L.Ed.2d 549 (1996). Standing alone, *Ursery* is dispositive.

■ Second, there is ample pre–*Ursery* Tenth Circuit precedent that makes it clear Mr. Harmon's motion must be denied. The Tenth Circuit has "joined the Third, Fifth, and Seventh Circuits in holding that when a defendant fails to judicially contest a civil forfeiture action by filing a claim, she is not subject to 'former' jeopardy in the forfeiture action, and therefore, by definition, the government's subsequent prosecution of the defendant does not constitute double jeopardy." *United States v. Denogean,* 79 F.3d 1010, 1013 (10th Cir.1996). The Tenth Circuit explained that if an individual does not become a party to an in rem judicial forfeiture proceeding by filing a claim, he is never placed at risk of a determination of guilt in that forfeiture proceeding, and the subsequent forfeiture cannot amount to a "punishment" based on an adjudication of guilt, and therefore he is never put "in jeopardy" in the forfeiture proceeding. *Id.* Accordingly, because there has been no "former jeopardy" in the forfeiture proceeding, there can be no "double jeopardy" resulting from the criminal proceeding. *Id.* The court does not see any reason to conclude the timing of the criminal and civil proceedings or the fact Mr. Harmon filed but later withdrew his claim renders *Denogean* distinguishable. *See also United States v. German,* 76 F.3d 315, 319–20 (10th Cir.1996); *United States v. Baird,*

63 F.3d 1213, 1219 (3d Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 909, 133 L.Ed.2d 841 (1996); *United States v. Arreola–Ramos,* 60 F.3d 188, 192–93 (5th Cir. 1995); *United States v. Torres,* 28 F.3d 1463, 1465–66 (7th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994).

■ Third, the court concludes Mr. Harmon waived his right to challenge his criminal conviction on double jeopardy grounds when he stipulated to the forfeiture. In *United States v. Cordoba,* 71 F.3d 1543 (10th Cir.1995), the government forfeited certain property belonging to the defendant. *Id.* at 1545. The defendant later pled guilty to the drug charges on which the prior forfeiture was based. *Id.* In the plea agreement, the defendant consented to the forfeiture of his property. *Id.* at 1546. By giving this consent, the Tenth Circuit held, the defendant waived his right to contend the criminal and civil forfeiture proceedings amounted to double jeopardy. *Id.* The Tenth Circuit explained that "double jeopardy rights may be waived by agreement, even where double jeopardy was not specifically referred to by name in the plea agreement when the substance of the agreement is to allow for double prosecution." *Id.* "Conscious waiver is not necessary with respect to each potential defense relinquished by a plea agreement.... Thus, the fact that [the defendant] was not specifically advised by counsel of his double jeopardy rights at the time he entered the plea agreement does not per se defeat his waiver...." *Id.* In this case, Mr. Harmon stipulated to the forfeiture *after* the jury had returned its guilty verdict, undisputably with full awareness that he would suffer *both* a sentence as a result of his criminal conviction *and* the adverse consequences of the forfeiture proceedings to which he had stipulated. Therefore, this stipulation, like the plea agreement in *Cordoba,* amounted to a waiver of Mr. Harmon's rights under the double jeopardy clause of the Fifth Amendment.

## III

The court has considered Mr. Harmon's remaining contentions and finds them unpersuasive. Accordingly, it is therefore

**ORDERED** that William James Harmon's motion for post-conviction relief pursuant to 28 U.S.C. § 2255 is **DENIED.**