89 F.3d 831
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William ZERVOS, Jr., Defendant-Appellant.
 No. 95-5681.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 20, 1996.
Decided July 2, 1996.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., Chief District Judge. (CR-95-18)
 Before HALL, WILKINS, and HAMILTON, Circuit Judges.
 
 
 1
 Stephen D. Herndon, Wheeling, West Virginia, for Appellant. William D. Wilmoth, United States Attorney, Sam G. Nazzaro, Assistant United States Attorney, Sharon L. Potter, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 
 
 2
 N.D.W.Va.
 
 
 3
 AFFIRMED.
 
 OPINION
 PER CURIAM:
 
 4
 William Zervos, Jr., contends that his sentence of imprisonment, entered pursuant to a plea agreement in which he also agreed to the criminal forfeiture of $4500, constituted double jeopardy. We affirm.
 
 
 5
 Zervos pled guilty to a criminal information charging him with possession with intent to distribute marijuana in violation of 18 U.S.C. § 841(a) (1988). The criminal information also included a forfeiture count pursuant to 21 U.S.C.A. § 853 (West Supp.1996). Zervos executed a plea agreement in which he agreed to plead guilty to the drug count and to forfeit $4500 in cash, which he used to facilitate a drug transaction. Zervos was sentenced to twenty-one months imprisonment, and several days later, a Judgment of Forfeiture was entered regarding the money. Zervos now appeals his sentence.
 
 
 6
 When the substance of a plea agreement allows for double prosecution, double jeopardy rights are waived by the agreement, even when double jeopardy is not specifically referred to in the plea agreement. See Ricketts v. Adamson, 483 U.S. 1, 10 (1987). "[T]he Double Jeopardy Clause ... does not relieve a defendant from the consequences of his voluntary choice." United States v. Scott, 437 U.S. 82, 99 (1978).
 
 
 7
 In his plea agreement with the Government, Zervos agreed to plead guilty to a drug charge exposing him to life imprisonment, as well as agreeing to forfeit $4500. Zervos's consent to the imposition of both imprisonment and forfeiture waived any objection he might have based upon the Double Jeopardy Clause's prohibition against multiple punishment. See United States v. Cordoba, 71 F.3d 1543, 1546-47 (10th Cir.1995) (plea agreement providing for both criminal and civil sanctions waived any double jeopardy claim).
 
 
 8
 For the foregoing reasons, we affirm Zervos's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED.