**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 16 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

TONY BENCOMO,

      Defendant - Appellant.

No. 96-2220
(D.C. No. CIV-96-49-LH)
(D.N.M.)

---

ORDER AND JUDGMENT[*]

---

Before BRORBY, EBEL, and KELLY, Circuit Judges.[**]

---

Mr. Bencomo, an inmate appearing pro se and in forma pauperis, appeals

from the denial of his second 28 U.S.C. § 2255 motion. His first § 2255 motion,

seeking to withdraw his guilty plea based on his attorney's alleged

ineffectiveness, was denied and that denial was affirmed on appeal. See United

States v. Bencomo, 68 F.3d 484, 1995 WL 620972 (10th Cir. 1995). In the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

present motion, Mr. Bencomo argues "that the execution of his sentence . . . which followed the forfeiture of his property in a separate civil proceeding, violated his constitutional right against Double Jeopardy under the Fifth Amendment to the U.S. Constitution." I R. doc. 1 at 3. The district court, adopting the recommendation of the magistrate judge, held that Mr. Bencomo waived any double jeopardy claim given his plea of guilty and consent to forfeiture, see United States v. Cordoba, 71 F.3d 1543, 1546 (10th Cir. 1995), and that regardless, Mr. Bencomo's claims had no merit in light of United States v. Ursery, 116 S. Ct. 2135 (1996). II R. doc. 9 at 4-5.

Mr. Bencomo's second § 2255 motion would appear to be barred absent a showing of cause and prejudice, or a fundamental miscarriage of justice, given his failure to raise the double jeopardy claim earlier. Although not raised by the government, this obvious problem may be raised by the court sua sponte provided the Defendant is given notice and an opportunity to respond. See Williams v. Whitley, 994 F.2d 226, 230-32 (5th Cir.), cert. denied, 510 U.S. 1014 (1993); United States v. Fallon, 992 F.2d 212, 213 (8th Cir. 1993). Regardless, Mr. Bencomo's double jeopardy claim is also barred by the provision in the plea agreement waiving any right to contest his sentence in any postconviction proceeding under § 2255. See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994). See also I R. doc. 6, ex. A at 5 (plea agreement), ex. B at 8 (plea

transcript).  Finally, new arguments raised by Mr. Bencomo in his opening brief on appeal will not be considered.

AFFIRMED.  The mandate shall issue forthwith.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge