**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 14 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DANIEL BAZEZA MAZUN,

    Defendant-Appellant.

No. 97-1086
(D.C. No. 96-CR-208-N)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **EBEL**, and **KELLY**, Circuit Judges.

A jury convicted defendant-appellant Daniel Bazeza Mazun ("Mazun") of

conspiracy to distribute methamphetamine. On appeal, he challenges (1) the

district court's decision not to suppress evidence seized by police during a traffic

stop, (2) the conviction based on sufficiency of the evidence, and (3) the district

court's sentence enhancement for being a leader or organizer of a criminal

activity. We affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

# BACKGROUND

At 1:30 in the morning of June 30, 1995, just outside of Las Vegas, Nevada, Highway Patrol Officer Scott Majewski ("Majewski") and his partner observed a car driven by Mazun veer onto the paved shoulder of the road for approximately 50-100 feet, after which the car returned to its proper lane. (Vol. 3 at 4). Majewski pulled Mazun over, asked to see his license, asked him a few questions, gave him a verbal warning, and then returned his license. (Vol. 3 at 15). Majewski then asked if Mazun had any narcotics or weapons in the vehicle. (Vol. 3 at 15). Mazun answered in the negative. (Vol. 3 at 15). Majewski asked for permission to search the car, and Mazun consented. (Vol. 3 at 15-16). An initial search by Majewski turned up no contraband or weapons. (Vol. 3 at 16). Majewski then ordered a dog sniff of the car.[1] (Vol. 3 at 17). The drug dog alerted to the trunk. (Vol. 3 at 18). A subsequent search of the trunk revealed 470 grams of methamphetamine. (Vol. 3 at 18-19). Authorities later found drugs and related evidence after searching Mazun's home in Colorado.

Mazun was indicted, tried, and convicted in the District of Colorado for conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A).[2] (Vol. 1, Doc. 4 & Vol. 2, Docs. 50, 51, & 62). At

---

[1] Majewski had a drug dog with him on patrol. (Vol. 3 at 4).

[2] Mazun also was convicted and sentenced under 21 U.S.C. § 853 (Vol. 2, Doc.
(continued...)

sentencing, the district court found Mazun to be an organizer or leader of a criminal activity, and increased his offense level by four points under § 3B1.1(a) of the United States Sentencing Guidelines (the "Guidelines").  (Vol. 9 at 7).  The court then sentenced Mazun to 324 months' imprisonment. (Vol. 9 at 9).

The evidence introduced against Mazun at trial included the methamphetamine found in Mazun's car; marked cash, drugs, and drug paraphernalia found in Mazun's Colorado home in a bedroom occupied by co-defendant Moises Mazun, Mazun's brother; and testimony of witnesses who stated that Mazun fronted them large quantities of drugs for resale.  (Aplt. Br. at 14-15).  Mazun moved to suppress the methamphetamine seized by Majewski, and his motion was denied.  (United States v. Mazun, No. 96-CR-208N (D. Colo. Aug. 29, 1996) (unpublished order)).  On appeal, Mazun claims that (1) the district court erred in refusing to suppress the evidence seized by Majewski during the traffic stop in Nevada; (2) the evidence was insufficient to support a conviction of conspiracy to distribute methamphetamine; and (3) the district court misapplied § 3B1.1(a) of the Guidelines in adjusting his offense level upward for being the organizer or leader of a criminal activity.

---

[2](...continued)
51), which he does not appeal

## DISCUSSION

### I. Suppression

Mazun challenges the district court's refusal to suppress the evidence found in his vehicle by Majewski on the ground that the stop and subsequent search and seizure were illegal under the Fourth Amendment. He specifically charges that (1) the initial stop was illegal; (2) Mazun's consent to the search was involuntary; and (3) Majewski's use of the drug dog was unjustified. "When reviewing an order granting or denying a motion to suppress, we accept the trial court's findings of fact unless clearly erroneous and consider the evidence in the light most favorable to the district court's determination." United States v. Doyle, 129 F.3d 1372, 1375 (10th Cir. 1997).

"An investigative detention may be permissibly expanded beyond the reason for its inception if the person stopped consents to that expansion." United States v. Wood, 106 F.3d 942, 946 (10th Cir. 1997). Moreover:

> When the driver has produced a valid license and proof of entitlement to operate the car, the driver must be allowed to proceed without further delay for additional questioning. Further questioning is permissible, however, if (1) during the course of the traffic stop the officer acquires an objectively reasonable and articulable suspicion that the driver is engaged in illegal activity; or (2) the driver voluntarily consents to the officer's additional questioning. Under the first set of circumstances, a Fourth Amendment seizure has taken place, but it is reasonable and consequently constitutional. Under the second set of circumstances, there is no seizure, and hence the Fourth Amendment's strictures are not implicated.

United States v. Elliott, 107 F.3d 810, 813 (10th Cir. 1997) (internal citations and

quotations omitted).

Consent to a search is valid only if given voluntarily.  See United States v. McCurdy, 40 F.3d. 1111, 1119 )(10th Cir. 1994).  "Whether or not a party has voluntarily consented to a search is a question of fact that the district court must evaluate in view of the totality of the circumstances."  Doyle, 129 F.3d at 1377; see also Ohio v. Robinette, 519 U.S. 33, 117 S. Ct. 417, 421 (1996).  The mere fact that the defendant was detained by police at the time of the request and was not advised of his Fourth Amendment right to leave does not render the consent involuntary.  See  Robinette, 117 S. Ct. at 421; Doyle, 129 F.3d at 1377.  Instead, a defendant challenging the voluntariness of his consent must show that the police somehow coerced the consent.  This inquiry requires the courts to look for evidence of "physical mistreatment, use of violence, threats, threats of violence, promises or inducements, deception or trickery, and the physical and mental capacity of the defendant within the totality of the circumstances."  McCurdy, 40 F.3d at 1119; see also Elliot, 107 F.3d at 814 (because police officer did not engage in any "coercive show of authority (*e.g.* leaning on Elliot's car, using a commanding tone of voice, physically touching Elliot, showing or touching weapon, etc.)" consent to search was not coerced).

Here, the district court found that Majewski handed Mazun's documents back to him before asking for permission to search the vehicle.  (Mazun, No. 96-

CR-208N at 3). At that point, Mazun was free to leave. Instead, he consented to Majewski's search of his vehicle. The evidence indicates that Mazun's consent was uncoerced. Majewski did not draw his gun, did not use or threaten to use physical force against Mazun, and did not trick Mazun into consenting. Mazun does not claim that he was physically or mentally impaired at the time he consented to the search. Thus, the district court did not err in finding that Mazun's consent to Majewski's search was consensual and not violative of Mazun's Fourth Amendment rights.[3]

However, Mazun also contends that his consent was invalid because it followed an illegal investigation and detention. See United States v. McSwain, 29 F.3d 558, 562 (10th Cir. 1994) (consent following an illegal detention is involuntary unless the consent was given free of the "taint" of the unlawful stop). Mazun cites to United States v. Gregory, 79 F.3d 973 (10th Cir. 1996), where this court found an officer's stop and subsequent search of a U-Haul truck that briefly swerved off the road to be unreasonable. Nevertheless, whether or not Majewski's stop of Mazun was, like the stop in Gregory, unreasonable, Mazun's attorney conceded during the suppression hearing:

> Your honor, Mr. Mazun's position on the search is essentially outlined in the supplemental motion. . . . [T]o eliminate one aspect

---

[3] Because the consent to search was voluntary, we need not address the question of whether a dog sniff of a car during a traffic stop qualifies as a "search."

- 6 -

of it, one argument we raise the question of in that pleading, is whether or not there was actually a valid traffic reason to stop the vehicle.

At this point, it would appear that there was a valid traffic reason, as cited by the specific [statutory] provision that the officer cited, and we won't argue that point.

(Vol. 3 at 39). The trial court noted this concession (Vol. 1 Doc. 29 at 4), and the issue was never raised again below. Because questions of fact such as reasonableness are not subject to plain error review, we consider the issue of the reasonableness of the stop to be waived on appeal. See United States v. Lee, 989 F.2d 377, 380 (10th Cir. 1993). Thus, we must assume that the stop was reasonable. As a result, we find that Mazun voluntarily consented to the search, and the district court did not err in denying Mazun's suppression motion.

## II. Sufficiency of the Evidence

In challenging the sufficiency of the evidence of a jury verdict, the defendant is "faced with a high hurdle . . . this court must review the record de novo and ask only whether, taking the evidence--both direct and circumstantial, together with the reasonable inferences to be drawn therefrom--in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt." United States v. Voss, 82 F.3d 1521, 1524-25 (10th Cir.) (quotation and citation omitted), cert. denied, 117 S. Ct. 226 (1996). This standard is "highly deferential." United States v. Lopez, 100 F.3d 113, 118 (10th Cir. 1996).

In order to convict Mazun of conspiracy to distribute methamphetamine, the government had to prove the following four elements:

(1) agreement with another person to violate the law;
(2) knowledge of the essential elements of the conspiracy;
(3) knowing and voluntary involvement; and
(4) interdependence among the alleged conspirators.

Id. (quotation and citations omitted).  Mazun asserts that the bulk of the evidence of his participation in the methamphetamine distribution conspiracy stems from evidence seized from the room of his brother, Moises Mazun, who was residing with Mazun at the time of the investigation.  Mazun claims that the car he was driving, in which Majewski found methamphetamine, actually belonged to his brother, that the witness testimony against him is incredible, and that no police officer ever actually saw him selling drugs to anyone.  In short, Mazun claims that he is being punished for the sins of his brother.

In addition to the evidence of large quantities of drugs, drug paraphernalia, and marked drug money in Mazun's home and the car he was driving, three witnesses testified that they had either bought methamphetamine from Mazun and/or had seen him deliver large quantities. (Vol. 5 at 346-54 & 449-59; Vol. 6 at 568-73, 582, & 644-46).  Taken in the light most favorable to the government, the government presented sufficient evidence of Mazun's guilt.

### III.  Sentence Enhancement

Mazun challenges the court's findings that (1) the conspiracy included five

or more people and (2) Mazun was a leader or organizer of that conspiracy. We review a district court's findings of fact at sentencing for clear error and the application of the Guidelines to those facts de novo. See United States v. Cordoba, 71 F.3d 1543, 1547 (10th Cir. 1995).

A defendant qualifies for a four-point increase in his offense level for playing an "aggravating role" in the offense under § 3B1.1(a) if "the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." First, the district court determined that the conspiracy consisted of the following six individuals: Mazun, Mazun's brother Moises, Debra Davis, Stephanie Harris, Michael Harris, and Philip Storey. (Vol. 9 at 6-7). Mazun concedes that the conspiracy included the first four individuals listed, but challenges the district court's finding that Michael Harris and Philip Storey were members of the conspiracy. However, Mazun does not say why he challenges this finding. Because evidence presented to the district court indicated that Michael Harris sold methamphetamine fronted by Mazun (Vol. 6 at 568-73), the district court did not clearly err by finding that the conspiracy included at least five people.

Second, the district court found:

[T]he defendant's home in the small community of Bennett, Colorado was the center distribution point for all persons distributing drugs in this conspiracy. It is also evident . . . that the conspiracy was an ongoing, established source of income for the defendant and that he organized and

- 9 -

implemented importation of the controlled substance from California into Colorado. He controlled the price and the amount of the drug which was delivered from various participants from time to time. These circumstances are sufficient basis for treating [the defendant] as an organizer or leader.

(Vol. 9 at 7). Mazun claims that the facts before the court were sufficient only to show that he was a supplier or distributor of methamphetamine, not that he exerted the requisite control over others to qualify him as an organizer or leader. However, even if Mazun did not exercise enough control over others to qualify as a leader, the district court's findings are sufficient to support a conclusion that Mazun served as an organizer of the conspiracy. See United States v. Valdez-Arieta, 127 F.3d 1267, 1272 (10th Cir. 1997) (defendant can organize illegal drug distribution activity without exercising control over other participants by coordinating and overseeing implementation of conspiracy including control over financial arrangements and procuring supply of drugs). As a result, the district court did not err by enhancing Mazun's sentence under § 3B1.1(a).

## CONCLUSION

For the reasons stated above, we AFFIRM.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge