UNITED STATES of America,
Plaintiff,

v.

Michael Joseph HODGE, Defendant.

No. 99–40014–02–SAC.

United States District Court,
D. Kansas.

Nov. 9, 1999.

---

Mary Alice Agar, Florissant, MO, pro se.

Terry Brian Agar, Florissant, MO, pro se.

James E. Flory, Office of United States Attorney, Topeka, KS, for U.S.

Jerry S. Jacko, Clayton, MO, pro se.

Stephen W. Kessler, Topeka, KS, pro se.

Dwight L. Miller, Topeka, KS, pro se.

Richard W. Schaefer, Clayton, MO, pro se.

Mark W. Works, Works, Works & Works, P.A., Topeka, KS, pro se.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

On March 16, 1999, Michael Joseph Hodge entered a plea of guilty to conspiracy to transport, receive or distribute child pornography in violation of 18 U.S.C. §§ 2252(a)(1) and (2). To his credit, the defendant provided substantial assistance to the government and in turn the government filed a motion for downward departure pursuant to *United States Sentencing Guidelines* § 5K1.1. On October 1, 1999, the court sentenced Hodge to a primary term of incarceration of twenty-four months, a substantial departure from the applicable guideline range sentence of 63–78 months, primarily in recognition of his substantial assistance to the government.[1]

Prior to imposing sentence against Hodge, the court orally announced its rulings on the defendant's objections to the presentence investigation report (PSIR). The defendant's first objection challenges a three level enhancement for his aggravating role in the offense under U.S.S.G. § 3B1.1(b). The defendant's second objection challenges the applicability of U.S.S.G. § 2G2.2(b)(2) to his conduct. Because the defendant's challenge to § 2G2.2(b)(2) has been an issue frequently litigated in other courts—but is as of yet unresolved by the Tenth Circuit—the court issues this memorandum and order explaining its construction of § 2G2.2(b)(2).

### DEFENDANT'S OBJECTION NO. 1: OVERRULED

The defendant objects to the PSI's recommendation of a three level enhancement for his aggravating role in the offense. The defendant contends that he was not a manager or supervisor as the group of which he was a member had no hierarchy. Instead, the defendant contends that the group of persons engaged in the exchange of pornographic images of children was run as a democracy: everyone voted as to who was let in the chat room and who was kicked out or banned. The defendant contended that an unknown person only iden-

---

1. Although the defendant requested a sentence of straight probation, the court did not believe such a light sentence was appropriate given the defendant's crime and despite his cooperation with the government. Distribution of child pornography is a serious crime " 'which can have devastating effects upon society and, most importantly, upon children who are sexually abused,' " *United States v. Anderson,* 154 F.3d 1225, 1233 (10th Cir. 1998) (*quoting United States v. Moore,* 916 F.2d 1131, 1139 (6th Cir.1990)), *cert. denied,* 119 S.Ct. 2048, 119 S.Ct. 2048, 144 L.Ed.2d 215 (1999).

tified by the sobriquet of "Z" occupied a managerial role.

### Relevant Law

"Section 3B1.1 of the Guidelines allows a court to enhance a sentence for the defendant's aggravating role in the underlying offense." *United States v. Valdez–Arieta,* 127 F.3d 1267, 1269 (10th Cir.1997).

U.S.S.G. § 3B1.1 *Aggravating Role,* provides:

Based on the defendant's role in the offense, increase the offense level as follows:

(a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.

(b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.

(c) If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels.

■ "To qualify for an adjustment under this section, the defendant must have been the ... manager, or supervisor of one or more other participants." U.S.S.G. § 3B1.1 comment. at n. 2. "In determining whether this section applies to a defendant, the court should consider the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." *United States v. Green,* 175 F.3d 822, 833 (10th Cir.) (citing U.S.S.G. § 3B1.1 comment. at n. 4.), *cert. denied,* — U.S. —, 120 S.Ct. 132, 145 L.Ed.2d 112 (1999). "Control over others is required for a finding that a defendant was a leader, supervisor, or manager." *Valdez–Arieta,* 127 F.3d at 1270. "Enhancement under section 3B1.1(b) applies to a defendant who 'exercised some degree of control or organizational authority over someone subordinate to him in the drug distribution scheme.'" *United States v. Cordoba,* 71 F.3d 1543, 1547 (10th Cir.1995) (*quoting United States v. Pelliere,* 57 F.3d 936, 939–40 (10th Cir.1995) and *United States v. Roberts,* 14 F.3d 502, 524 (10th Cir.1993)).

### Requirement of Specific Findings

■ A district court "must make specific findings" and advance a factual basis to support an enhancement under § 3B1.1. *United States v. Ivy,* 83 F.3d 1266, 1292 (10th Cir.) (*quoting United States v. Wacker,* 72 F.3d 1453, 1477 (10th Cir.1995)), *cert. denied,* 519 U.S. 901, 117 S.Ct. 253, 136 L.Ed.2d 180 (1996). "[E]ven if the record overwhelmingly supports the enhancement, appellate fact-finding cannot substitute for the district court's duty to articulate clearly the reasons for the enhancement." *Id.*

### Analysis

■ As the PSIR makes clear, the information in the chat logs proves the appropriateness of the 3 level enhancement under § 3B1.1. In those logs, Hodge is identified as one of four individuals known as IRC ops. From that managerial position, Hodge monitored chat room conversations and determined whether new persons would be allowed to access the group's child pornography channel. Hodge could ban individuals or kick individuals off the channel. These acts demonstrate that Hodge occupied a managerial or supervisory role in a criminal activity involving five or more persons and was not merely a co-equal participant in this child pornography distribution/exchange ring.

During the defendant's allocution, he specifically argued that he was not a manager and that "Z" was the only person in charge of this criminal activity. The court agrees with the defendant that "Z" was the organizer or leader of this criminal activity, as it appears clear that "Z" was the head of this organization and was the

person who ultimately determined membership in the group and orchestrated its child pornography distribution efforts. However, the fact that "Z" occupied the role of "organizer or leader" does not preclude the court from finding that Hodge, or for that matter other persons, also occupied supervisory roles within this criminal enterprise. Cf. U.S.S.G. § 3B1.1, *Commentary, Application Note 4*. ("There can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy.").

Based upon these findings, the court deems it appropriate to assess the defendant a three level enhancement under § 3B1.1(b) for his aggravated role in this offense.

## DEFENDANT'S SECOND OBJECTION: OVERRULED

■ The defendant objects to the five level enhancement under U.S.S.G. § 2G2.2(b)(2) recommended in the PSIR. U.S.S.G. § 2G2.2(b)(2) provides:

If the offense involved distribution, increase by the number of level from the table in § 2F1.1 corresponding to the retail value of the material, but in no event by less than 5 levels.

The Commentary to § 2G2.2 provides in pertinent part: "Distribution" includes any act related to distribution for pecuniary gain, including production, transportation, and possession with intent to distribute.

Ostensibly acknowledging that other circuits have construed § 2G2.2(b)(2) to include exchange of child pornography for other child pornography as "distribution," the defendant simply argues that the Tenth Circuit has not done so.

Although the court could find no Tenth Circuit case discussing this issue, the weight of persuasive authority convinces the court that the 5 level enhancement is appropriate even when the defendant does not profit from the exchange of pornography in a monetary way. Five circuits, the Second, Fifth, Sixth, Eighth, and Eleventh, have held that § 2G2.2(b)(2) applies to acts of distribution, whether or not committed for monetary gain, while the Ninth and

Seventh circuits have held that § 2G2.2(b)(2) only applies to transactions entered into for pecuniary gain. *Compare United States v. Horn*, 187 F.3d 781 (8th Cir.1999) ("We agree with those circuits that have given the word "distribution" in § 2G2.2(b)(2) its usual meaning in ordinary language and have read the application note to mean only that "distribution" includes, but is not limited to, transactions for pecuniary gain." *See United States v. Lorge*, 166 F.3d 516, 518–19 (2nd Cir.1999), *cert. denied,* —— U.S. ——, 119 S.Ct. 1372, 143 L.Ed.2d 531 (1999); *United States v. Hibbler*, 159 F.3d 233, 237–38 (6th Cir. 1998), *cert. denied,* —— U.S. ——, 119 S.Ct. 1278, 143 L.Ed.2d 372 (1999); and *United States v. Canada*, 110 F.3d 260, 263–64 (5th Cir.1997), *cert. denied,* 522 U.S. 875, 118 S.Ct. 195, 139 L.Ed.2d 133 (1997). *See also* U.S.S.G. § 1B1.1, application note 2 ("[t]he term 'includes' is not exhaustive"). If Congress had intended § 2G2.2(b)(2) to apply only to distribution for pecuniary gain, it could easily have said so directly. The purpose of the enhancement for distribution, we believe, is to increase the sentence of those defendants who did not merely receive child pornography but also disseminated it. Since [the defendant] was found to have engaged in trade or barter, the trial court correctly imposed the enhancement for distribution.); *United States v. Garrett*, 190 F.3d 1220 (11th Cir.1999) ("We agree with the approach taken by the Fifth Circuit in *Canada*, a case with very similar facts to the present case. In *Canada*, the defendant transmitted child pornography for the purpose of enticing a 13 year old child to have sex with him. 110 F.3d at 263. The Fifth Circuit upheld the five level enhancement for distribution and held that the identification of distribution as used in § 2G2.2(b)(2) is not limited to transactions for pecuniary gain. *See id.* The court was persuaded that while Application Note 1 included distribution with pecuniary gain, it was not intended to be an exhaustive list of what constitutes distribution. *See id.* We hold that Garrett's distribu-

tion of materials depicting sexual acts of minors and adults is sufficient to trigger the enhancement characteristic of U.S.S.G. § 2G2.2(b)(2). Garrett distributed these photographs to "Katrina" for the purpose of enticing her to engage in deviant sexual acts with him."); *with United States v. Laney,* 189 F.3d 954, 960–61 (9th Cir.1999) (distribution enhancement under § 2G2.2(b)(2) requires a finding of profit motive; section does not apply to a gratuitous delivery of pornographic material; a person who delivers pornography in order to receive other pornography that has economic value acts for "pecuniary gain" for purposes of § 2G2.2(b)(2)); [2] *and United States v. Black,* 116 F.3d 198, 202–03 (7th Cir.), *cert. denied,* 522 U.S. 934, 118 S.Ct. 341, 139 L.Ed.2d 264 (1997) (§ 2G2.2(b)(2) only applies to transactions entered into for pecuniary gain; no enhancement based on stipulation of the parties that defendant enjoyed no monetary gain; however, "pecuniary gain is a broad concept itself, and it does not exclude the possibility of swaps, barter, in-kind transaction, or other valuable consideration.").

Although this court agrees with the five circuits that have found that § 2G2.2(b)(2), by its express language and the accompanying commentary, applies to acts of distribution of child pornography, whether or not motivated by pecuniary gain, the Ninth Circuit correctly notes one anomaly to this interpretation worthy of special mention. The "base offense level" for each section of the sentencing guidelines generally covers conduct constituting the essential elements of the offense, *see, e.g.,* U.S.S.G. § 2B3.1 (robbery), or in the alternative, assigns progressively higher base offense levels to aggravating facts or circumstances involved in the commission of the essential elements of the offense of conviction, *see,*

*e.g.,* U.S.S.G. § 2D1.1 (base offense level for unlawful manufacturing, importing, exporting, trafficking or possession of controlled substances determined based upon amount of controlled substance attributable to defendant and whether offense of conviction establishes that death or serious bodily injury resulted from the use of the substance). Specific offense characteristic enhancements typically do not encompass the essential elements of the offense. Instead, specific offense characteristics usually add additional levels to the base offense level for specific aggravating acts or circumstances attributable to the defendant. *See, e.g.,* U.S.S.G. § 2B3.1(b) (specific offense characteristics including include type of victim, discharge or use of weapon or threat of death, bodily injury to victim, abduction or restraint of person to facilitate offense, carjacking, taking firearm, destructive device or controlled substance and amount of loss potentially add additional levels to base offense level for robbery).

The Ninth Circuit correctly observes that § 2G2.2 "assigns a base offense level of 15 to six types of offenses: trafficking, receipt, transportation, shipping, advertising, and possession with intent to traffic of material involving the sexual exploitation of a minor." Consequently, in five of the six of types of offenses to which § 2G2.2 applies, the five level enhancement for distribution automatically applies because "distribution" is an essential element of those offenses. Stated another way, in the majority offenses to which § 2G2.2 applies, the five level enhancement under § 2G2.2(b)(2) for distribution will be the rule, rather than the exception. Consequently, the operation of the enhancement under § 2G2.2(b)(2) is unique under the guidelines in that the "specific offense

---

**2.** However, the Ninth Circuit went on to conclude that "[a] person who delivers pornography that has economic value acts for 'pecuniary gain' and therefore engages in 'distribution' for purposes of section 2G2.2(b)(2)."

The court notes that even under the Ninth Circuit's construction of § 2G2.2(b)(2), the

five level enhancement for distribution would apply to Hodge. All members in this group, including Hodge, exchanged or swapped pornographic images with other members in return for other pornographic images of children.

characteristic" will often be an essential element of the crime of conviction.

Given the number of court's called upon to evaluate the issue, and in light of the ease with which any doubt about the proper construction of § 2G2.2(b)(2) could be resolved, this court urges the Sentencing Commission to consider amending or restructuring § 2G2.2 to definitively clarify the operation and applicability of § 2G2.2(b)(2). A copy of this opinion will be transmitted to the Sentencing Commission with the suggestion that it consider making a clarification regarding the proper application of § 2G2.2(b)(2).

IT IS THEREFORE ORDERED that the defendant's objections to the PSIR are overruled.