**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 29 1997**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ARMONDO VALDEZ-ARIETA,

      Defendant-Appellant.

No. 97-8014
(D.C. No. 96-CR-0026-D)
(District of Wyoming)

---

**Submitted on the briefs**:[*]

Patrick J. Crank, Assistant United States Attorney, Casper, Wyoming (David D. Freudenthal, United States Attorney, District of Wyoming, with him on the brief), for Plaintiff-Appellee.

Maynard D. Grant, Grant & Newcomb, Seattle, Washington, for Defendant-Appellant.

---

Before **BRORBY**, **EBEL** and **KELLY**, Circuit Judges.

---

**EBEL**, Circuit Judge.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The cause therefore is ordered submitted without oral argument.

Defendant-Appellant Armando Valdez-Arieta ("Valdez") pled guilty to conspiracy to possess with intent to distribute and distribution of illegal drugs. The district court enhanced Valdez's offense level by two levels pursuant to U.S.S.G. § 3B1.1(c) (1995) for his role as an organizer of a criminal enterprise. Valdez now appeals. We affirm.

## BACKGROUND

In June, 1995, Valdez agreed to join Deborah Lynn Neary ("Neary") in a criminal venture to supply cocaine, methamphetamine, and marijuana to users in the Rock Springs, Wyoming, area. Neary and Valdez worked as team, running the enterprise as joint partners. Neary had been distributing drugs prior to her association with Valdez, but Valdez's participation in the operation allowed Neary to expand the business significantly. Specifically, Valdez recruited the services of additional individuals to act as suppliers for the conspiracy -- none of whom would have worked with Neary without Valdez's involvement in the scheme -- and was able to acquire a much larger amount of drugs than Neary had been able to distribute alone. These suppliers were of Hispanic origin and only trusted Valdez because of his Hispanic background and because he could converse with them in Spanish. Where Neary previously had been dealing relatively small amounts of drugs, i.e. regularly only eighths of an ounce of cocaine, Neary and Valdez together entered into deals involving much larger quantities. Neary and

Valdez were on the verge of purchasing a kilogram of methamphetamine for distribution, and their plans were forestalled only because of their timely arrest.[1] Valdez had eight ounces of cocaine in his possession for distribution at the time of his arrest.  Valdez also coordinated the activities of the new suppliers, instructed at least one of the suppliers on how to cut and weigh the drugs, determined the financial terms for many of the sales, and shared responsibilities with Neary for overseeing the operation.

Valdez eventually pled guilty to conspiracy to possess with intent to distribute and distribution of cocaine and methamphetamine in violation of 21 U.S.C. § 846(a)(1).  As part of the plea agreement, the government dismissed a second charge against Valdez for distributing methamphetamine and aiding and abetting the distribution of methamphetamine.  The government also agreed that Valdez was entitled to a three-level reduction under the Sentencing Guidelines (the "Guidelines") for his acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) (1995).  However, the district court imposed a sentence of 144 months of imprisonment and 5 years of supervised release after assessing a two-level enhancement under U.S.S.G. § 3B1.1(c) (1995) for Valdez's role in organizing the drug distribution operation.  Valdez now appeals the sentence enhancement.

---

[1]  The district court did not include the unpurchased kilogram of methamphetamine in calculating the amount of drugs involved in the offense at sentencing.

## DISCUSSION

Section 3B1.1 of the Guidelines allows a court to enhance a sentence for the defendant's aggravating role in the underlying offense. Section 3B1.1(c) states that two offense levels should be added to the sentencing calculation if the "defendant was an organizer, leader, manager, or supervisor in any criminal activity" involving less than five participants.[2] A district court "must make specific findings" and advance a factual basis to support an enhancement under § 3B1.1. United States v. Ivy, 83 F.3d 1266, 1292 (10th Cir. 1996) (quoting United States v. Wacker, 72 F.3d 1453, 1477 (10th Cir. 1995)). "[E]ven if the record overwhelmingly supports the enhancement, appellate fact-finding cannot substitute for the district court's duty to articulate clearly the reasons for the enhancement." Id.

We review a district court's factual findings supporting a sentence enhancement for clear error. United States v. Pelliere, 57 F.3d 936, 940 (10th

---

[2] U.S.S.G. § 3B1.1 (1995) states:

Based on the defendant's role in the offense, increase the offense level as follows:
(a)    If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.
(b)    If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.
(c)    If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels.

Cir. 1995). The district court's application of those facts to the sentencing guidelines is reviewed de novo. Id. Under the clearly erroneous standard, we will not reverse the district court's findings unless they are "without factual support in the record, or unless after reviewing all the evidence, we are left with the definite and firm conviction that a mistake has been made." United States v. Mandilakis, 23 F.3d 278, 280 (10th Cir. 1994) (quoting United States v. Brown, 995 F.2d 1493, 1500 (10th Cir. 1993)).

Valdez contends both that the district court did not make the proper factual findings necessary to support a sentence enhancement calculation under § 3B1.1(c) and that the record reveals no evidentiary basis for the enhancement. We disagree. The district court found that:

> [A] role adjustment of two more accurately reflects the defendant's 50/50 partnership with Deborah Neary. Clearly the defendant, because of his contacts, played an instrumental role in obtaining the drugs which he and Miss Neary then distributed. Defendant also played a substantial role in organizing the acquiring of these drugs on a number of occasions.

The district court concluded that Valdez significantly enhanced the drug dealing operation by providing a much larger supply of drugs from sources to which Neary did not have access and by increasing the volume of drugs supplied by Neary's prior sources. Although the district court did not use the exact words of § 3B1.1(c) to describe Valdez's role in the endeavor, it did find that he played "a substantial role in organizing" the criminal activity. We hold that the district

court's statement constituted a sufficiently clear and articulated reason for the enhancement under the Guidelines.

We also conclude that the district court properly found that Valdez was an organizer of the conspiracy. Valdez argues that the district court never found that he exercised any control over other parties involved in the conspiracy and adds that the record yields no evidence that he exercised any control over subordinates or underlings in the conspiracy. While we agree with Valdez on both points, we nevertheless conclude that the district court did not err by applying § 3B1.1(c).

Section 3B1.1(c) allows an enhancement for leaders, supervisors, managers and organizers. Valdez complains that he could not have controlled or directed Neary because they acted together as joint partners and because one can only direct underlings or subordinates, not an equal partner. Valdez, however, misreads this court's prior cases interpreting § 3B1.1(c). While control over others is required for a finding that a defendant was a leader, supervisor, or manager, we hold that no such finding is necessary to support an enhancement for acting as an <u>organizer</u> under § 3B1.1(c). A defendant can organize an illegal activity without exercising control over the other participants in the activity. Thus, the fact that Neary was a co-partner instead of a subordinate does not preclude an enhancement in Valdez's offense level for acting as an organizer pursuant to § 3B1.1(c). <u>Cf.</u> <u>United States v. Hutching</u>, 75 F.3d 1453, 1458 (10th

Cir.) (in applying 21 U.S.C. § 848(c)(2)(A), we differentiated between an organizer "who arranges a number of people engaged in separate activities into an essentially orderly operation" and a supervisor who "gives orders or directions to another person who carries them out."), cert. denied, 116 S. Ct. 2502 (1996).

A defendant satisfies § 3B1.1 by controlling or organizing others in a criminal activity. United States v. Reid, 911 F.2d 1456, 1464 (10th Cir. 1990) (the key "determinants of the applicability of section 3B1.1 are control or organization.") (emphasis added). In order for § 3B1.1 to apply, "the defendant must have exercised some degree of control over others involved in the commission of the offense or he must have been responsible for organizing others for the purpose of carrying out the crime." Id. (emphasis added); see also United States v. Edwards, 69 F.3d 419, 439 (10th Cir. 1995), cert. denied, 116 S. Ct. 2497 (1996); United States v. Bernaugh, 969 F.2d 858, 862-63 (10th Cir. 1992).

It is true that the "leader," "manager," and "supervisor" prongs of § 3B1.1(c) do suggest an element of control over others. See United States v. Cordoba, 71 F.3d 1543, 1547 (10th Cir. 1995) ("Enhancement under section 3B1.1(b) [regarding management and supervision] applies to a defendant who 'exercised some degree of control or organizational authority over someone subordinate to him in the drug distribution scheme.'") (quoting Pelliere, 57 F.3d at 939-40, and United States v. Roberts, 14 F.3d 502, 524 (10th Cir. 1993)).

However, we do not believe that such a conclusion is required to find that a defendant was an "organizer" of criminal activity. While a finding that the defendant controlled or directed underlings or subordinates <u>may be sufficient</u> to justify an enhancement for organizing under § 3B1.1(c), the presence of underlings and subordinates is not <u>necessary</u> to support such an enhancement.

The Guidelines list a number of factors courts should consider to determine whether a defendant played an organizational role, including:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1, comment. (n. 4) (1995). Some of these factors relate to the control of other participants and other factors address organization. The Guidelines add, "There can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy." <u>Id</u>. Nothing in the Guidelines requires that an organizer must exercise some direction or control over underlings. Indeed, "[t]he Guidelines do not require that each of the factors" listed in the application notes be satisfied for § 3B1.1 to apply. <u>Bernaugh</u>, 969 F.2d at 863.

Commentary Note 2 to § 3B1.1 allows an upward departure for a defendant who merely manages or organizes the assets of a criminal organization, even though the defendant did not organize, lead, manage, or supervise another participant. See U.S.S.G. § 3B1.1, comment. (n.2) (1995). Such language reveals an intent to allow an increased sentence under § 3B1.1 even when a defendant did not control subordinates. We rely on "pertinent policy" statements issued by the Sentencing Commission in "determining the particular sentence to be imposed" under the Guidelines. 18 U.S.C. § 3553(a) (1997).

We recognize that this court has on several occasions used dicta suggesting that the presence of subordinates under the defendant's control was required to consider a defendant an organizer under § 3B1.1. However, in each of these cases, either the enhancement could be upheld under the control prongs of "leader," "manager," or "supervisor," or the enhancement was struck down because the court found that the defendant neither organized nor controlled others. None of these cases held that organization of, without control over, subordinates was insufficient to support an enhancement under § 3B1.1(a) or (c). See United States v. Litchfield, 959 F.2d 1514, 1523 (10th Cir. 1992) (finding no organization or control); United States v. Smith, 951 F.2d 1164, 1170 (10th Cir. 1991) (finding no organization or control); United States v. Reid, 911 F.2d 1456, 1464 (10th Cir. 1990) (stating that § 3B1.1(a) suggests the presence of underlings

or subordinates, but then stating unequivocally that an enhancement can be predicated on either the organization or control of others and upholding an enhancement upon finding that the defendant exercised both organization and control over an extensive criminal enterprise); United States v. Bauer, 995 F.2d 182, 183-84 (10th Cir. 1993) (citing Reid, but upholding enhancement under § 3B1.1(c) because the defendant was both an organizer and a controller).

Other circuits have similarly rejected the view that an organizer must control or direct subordinates to qualify for an enhancement under § 3B1.1. United States v. Grady, 972 F.2d 889 (8th Cir. 1993) (per curiam) (upholding an enhancement under § 3B1.1(a) and stating, "We define the term 'organizer or leader' broadly . . . . [The defendant] may be an organizer or leader without having directly controlled his coconspirators."); see also United States v. Billingsley, 115 F.3d 458, 465 (7th Cir. 1997) (upholding an enhancement under § 3B1.1(c) and stating, "[T]he overall focus under section 3B1.1 is relative responsibility within a criminal organization . . . . [E]ven if a defendant did not exercise control [over subordinates], an enhancement under § 3B1.1 may apply so long as the criminal activity involves more than one participant and the defendant played a coordinating or organizing role.") (citations omitted); United States v. Giraldo, 111 F.3d 21, 24 (5th Cir. 1997) (finding an enhancement under § 3B1.1(c) appropriate where the defendant simply organized other participants by

obtaining the money suppliers and recruiting the accomplices necessary to complete a large drug transaction, even though the defendant did not control or direct subordinates), cert. denied, 66 USLW 3282 (Oct. 14, 1997); but see United States v. Kelley, 36 F.3d 1118, 1129 (D.C. Cir. 1994) (agreeing in dicta with cases it read as holding that § 3B1.1(c) applies only to one who exercises control over criminally responsible subordinates, but affirming an enhancement under § 3B1.1(c) in any event because the defendant did control subordinates).[3]

Therefore, while control over subordinates is required to find that a defendant played a management, supervision, or leadership role in a criminal activity, we conclude that a sentence enhancement under § 3B1.1(c) for a defendant who acts as an organizer does not require the presence of underlings in the endeavor. As a result, a defendant may be punished as an organizer under § 3B1.1(c) for devising a criminal scheme, providing the wherewithal to accomplish the criminal objective, and coordinating and overseeing the implementation of the conspiracy even though the defendant may not have any hierarchical control over the other participants. Valdez cannot rely on Neary's equal culpability as a co-

---

[3] As support for its holding in Kelley, the D.C. Circuit cites United States v. Hoac, 990 F.2d 1099, 1110-11 (9th Cir. 1993); Litchfield, 959 F.2d at 1522-23; United States v. Rowley, 975 F.2d 1357, 1364 (8th Cir. 1992); United States v. Belletiere, 971 F.2d 961, 969-70 (3rd Cir. 1992); and United States v. DeCicco, 899 F.2d 1531, 1535 (7th Cir. 1990). However, after reviewing these cases, we find that none of them actually require control over subordinates or underlings to support an enhancement under § 3B1.1(c).

conspirator as a shield against a sentence enhancement for playing an aggravating role in the offense.

Under this standard, the record provides sufficient evidence that Valdez acted as an organizer: he provided the sources Neary was unable to secure to supply the drugs necessary for the distribution scheme; he directed those suppliers to deliver particular amounts of drugs at times and places determined by him; and he decided on the financial arrangements concerning the deliveries. See, e.g. Bernaugh, 969 F.2d at 864 (affirming a sentence enhancement under 3B1.1(a) for defendant's role as an organizer or leader where the defendant acted as the "moneyman" for a drug ring, recruited others to participate in the operation, provided transportation for participants to drug transactions, engaged in negotiations concerning the transaction, and had possession of most of the drugs at some point prior to his arrest); Billingsley, 115 F.3d at 465 (devising scheme, recruiting accomplices, serving as main participant in offense, and receiving largest share of benefit of criminal enterprise qualified defendant as an organizer under § 3B1.1(c)); Giraldo, 111 F.3d at 24 (defendant acted as an organizer under § 3B1.1(c) by recruiting accomplices and providing money necessary for a drug transaction); United States v. Garin, 103 F.3d 687, 690 (8th Cir. 1996) (providing drug supply for distribution qualified defendant for § 3B1.1 enhancement), cert. denied, 117 S. Ct. 1323 (1997).

Because evidence in the record supports the district court's finding that Valdez organized the drug distribution ring, the court did not err in enhancing Valdez's sentence pursuant to section 3B1.1(c) of the Guidelines. The judgment of the district court is AFFIRMED.