**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 10 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RONALD ARMSTEAD ALEXANDER,

    Defendant-Appellant.

No. 97-2055
(D.C. No. 96-CR-31-BB)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR, BRORBY**, and **BRISCOE**, Circuit Judges.

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

    Ronald Armstead Alexander appeals his sentence imposed following his

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

guilty plea to charges of possession with intent to distribute marijuana pursuant to 21 U.S.C. § 841(a)(1) and aiding and abetting in violation of 18 U.S.C. § 2. We exercise jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and affirm.

Mr. Alexander's pre-sentence report ("PSR") recommended a guideline sentencing range between twenty-four and thirty months imprisonment for his conviction. The recommended sentence included a two-level enhancement under United States Sentencing Guidelines ("U.S.S.G.") § 3B1.1(c) for his role as an organizer, leader, manager, or supervisor. Mr. Alexander objected to the PSR's recommendation, claiming he was not an organizer, leader, manager, or supervisor under § 3B1.1(c). He also moved for a downward departure from the guideline sentence for his role as sole caretaker of his teenage daughter. The district court rejected both claims and sentenced Mr. Alexander to twenty-four months imprisonment.

On appeal, Mr. Alexander first contends the district court erred in concluding he was a leader or organizer pursuant to U.S.S.G. § 3B1.1(c) because he was no more culpable than his co-defendant, Mr. Dobson. For sentencing decisions pursuant to U.S.S.G. § 3B1.1(c), we review the district court's factual findings for clear error and its legal conclusions *de novo*. *United States v. Baez-*

-2-

*Acuna*, 54 F.3d 634, 638 (10th Cir. 1995).  Under U.S.S.G. § 3.B1.1(c), a sentencing court may increase a base offense by two levels if the defendant was an "organizer, leader, manager, or supervisor in any criminal activity."  We have ruled that "[i]n order to be a supervisor, one needs merely to give some form of direction or supervision to someone subordinate in the criminal activity for which the sentence is given."  *United States v. Backas*, 901 F.2d 1528, 1530 (10th Cir.), *cert denied*, 498 U.S. 870 (1990).  Any degree of direction will satisfy the definition of "supervision."  *United States v. Moore*, 919 F.2d 1471, 1477 (10th Cir. 1990).  A defendant may still be punished under § 3B1.1(c), without supervisory control over others, as an "organizer" for "devising a criminal scheme, providing the wherewithal to accomplish the criminal objective, and coordinating and overseeing the implementation of the conspiracy."  *United States v. Valdez-Arieta*, 127 F.3d 1267, 1272 (10th Cir. 1997).

The facts support the district court's supervisor enhancement.[1]  For instance, Mr. Dobson identified Mr. Alexander as his source.  Mr. Alexander

---

[1] Factors indicating a leadership or organizational role include "the exercise of decision making authority, the nature of participation in the commission of the offense, ... the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others."  U.S.S.G. § 3B1.1, comment. (n.4).

corroborated this fact by telling Mr. Dobson "I got you covered quite a bit" in reference to marijuana. A courier whose arrest led to this investigation identified Mr. Dobson's source as a man named Ron from Bisbee who recently moved to Santa Fe, just as Mr. Ronald Alexander had done. A "load vehicle" was seen at Mr. Alexander's house shortly before his arrest. Drug packaging materials and approximately eighty-five pounds of marijuana were seized from Mr. Alexander's residence at the time of his arrest. The district court concluded these facts suggest Mr. Alexander was a leader or organizer under § 3B1.1(c) in his position as a "supplier and a warehouse."[2] Based on our review, we find no error. *See Valdez-Arieta*, 127 F.3d at 1272 (affirming § 3B1.1(c) sentence enhancement where defendant supplied sources of drugs to co-defendant); *see also Bernaugh*, 969 F.2d at 862-63 (upholding § 3B1.1(a) enhancement where defendant provided transportation for participants in drug ring, and had possession of most of the drugs some time prior to his arrest).

Mr. Alexander also contends the district court erred in denying his motion for a downward departure. We cannot review a district court's refusal to depart

---

[2] In making its finding, the district court can use any reliable evidence, including hearsay. *United States v. Bernaugh*, 969 F.2d 858, 863 (10th Cir. 1992).

downward unless it unambiguously appears from the record the sentencing court believed the Guidelines did not permit a downward departure. *United States v. Segien*, 114 F.3d 1014, 1024 (10th Cir.), *cert. denied*, ___ S. Ct. ___, 1998 WL 125239 (U.S. Mar. 23, 1998). Because the record reveals the district court's awareness of its discretion to depart, we lack jurisdiction to review this claim.

Mr. Alexander's final claim is his case should be dismissed because his criminal judgment dismissed Count Three, the charge to which he pled guilty. In his plea agreement, the government agreed to move to dismiss Counts One and Two in return for Mr. Alexander's guilty plea to Count Three. At his plea hearing, the court confirmed Mr. Alexander's guilty plea to Count Three. Then at sentencing, the court sentenced Mr. Alexander on Count Three. After the sentence was imposed, the government moved for dismissal of Counts One and Two. The court's final judgment stated Mr. Alexander was convicted of Count Three, but erroneously dismissed Counts One and Three. However, on the government's motion, the district court issued an Amended Judgment, correcting the previous one by showing Counts One and Two dismissed.

The court may correct its judgment for a clerical error at any time under Fed. R. Crim. P. 36. Thus, Mr. Alexander's claim is now moot. Furthermore, it is

a well-established rule of criminal law that an "'orally pronounced sentence controls over a judgment and commitment order when the two conflict.'" *United States v. Sasser*, 974 F.2d 1544, 1562 (10th Cir. 1992) (quoting *United States v. Villano*, 816 F.2d 1448, 1450 (10th Cir. 1987) (en banc)), *cert denied*, 506 U.S. 1085 (1993). The court orally pronounced Mr. Alexander's sentence for his conviction on Count Three. Consequently, we dismiss Mr. Alexander's claim, and affirm his sentence for Count Three.

**AFFIRMED**.

**Entered for the Court**


**WADE BRORBY**
United States Circuit Judge