**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 3 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

VICTOR COOPER, a/k/a Joel Mack;
a/k/a V.J. Simpson,

Defendant-Appellant.

No. 99-6010
(D.C. No. 98-CR-44)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **TACHA** , **KELLY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant-appellant Victor Cooper pleaded guilty to two counts of submitting false income tax refund claims in violation of 18 U.S.C. § 287 and two counts of using a false power of attorney in violation of 18 U.S.C. § 495. On appeal, defendant challenges the district court's sentencing guidelines computation of his base offense level, asserting that the sentencing court erred in (1) denying defendant a three-point reduction of his base offense level for acceptance of responsibility, and (2) applying a four-point increase for his role as a leader or organizer in a scheme to defraud the Internal Revenue Service (IRS). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

We review "the district court's legal interpretation of the guidelines de novo." *United States v. Ensminger*, 174 F.3d 1143, 1145 (10th Cir. 1999) (quotations omitted). We "review the district court's determination that [d]efendant was an organizer or leader of a criminal activity . . . for clear error," and "give due deference to the district court's application of the guidelines to the facts." *United States v. Cruz Camacho*, 137 F.3d 1220, 1223-24 (10th Cir. 1998). We also review the district court's findings as to acceptance of responsibility under a clear error standard. *See United States v. Portillo-Valenzuela*, 20 F.3d

393, 394 (10th Cir. 1994).

While incarcerated in a state prison, defendant, along with inmates Keith Orange, Kenneth Burrell, and David Hicks, operated a tax refund scheme whereby they would file false income tax refund claims using the names, addresses, and social security numbers of fictitious filers. Following investigation by the IRS, defendant was identified as a major player in this scheme which resulted in fraudulently obtained refunds in the amount of $216,219.61, of which $157,618.43 was directly attributable to defendant. In addition to those involved within the prison, defendant recruited Doris Burrell, the wife of Kenneth Burrell, and Laura Banks, alleged common-law wife of Keith Orange, to assist in this scheme. Ms. Burrell used her home address on a number of the fraudulent tax returns and notarized false power of attorney forms sent to her by defendant. Defendant wrote letters to Ms. Burrell giving her specific instructions to contact Laura Banks when the refund checks arrived and to provide Ms. Banks with a notarized power of attorney. Ms. Burrell was to receive $1,000 for her assistance in the scheme. Ms. Banks was recruited to use the fraudulent power of attorney forms to cash the refund checks. In letters to Ms. Banks, defendant provided her with specific instructions on to whom, and in what amounts, the money from the refund checks should be distributed.

At his arraignment, defendant pleaded not guilty to all five counts of the indictment, and trial was set for August 24, 1998. Defendant subsequently filed a number of pretrial motions, which were all denied by the district court. On August 21, 1998, three days before trial, defendant entered a guilty plea to four counts of the indictment, and the government dismissed the remaining conspiracy count. The district court then sentenced defendant to sixty months' imprisonment on the first two counts and sixty-three months' imprisonment on the last two counts, to be served concurrently. The court also entered a restitution order in the amount of $31,244.09.

First, defendant alleges that the sentencing court erred in granting him only a two-level downward adjustment for acceptance of responsibility instead of the three-level adjustment allowed under U.S.S.G. § 3E1.1(b)(2). Defendant contends that he is entitled to the additional one-level adjustment for timely notifying the government of his intent to plead guilty. *See* Section 3E1.1(b)(2).

Here, defendant signed a plea agreement on August 18, 1998, and entered his guilty plea on August 21, 1998, only three days before his August 24, 1998 trial date. According to the sentencing guidelines, guilty pleas must be made in a timely fashion in order to save the government the necessity of preparing for trial and to allow the court to better plan its docket. *See* § 3E1.1(b)(2). Defendant asserts that he informed the government early in the proceedings that he would

enter guilty pleas to all counts except the count of conspiracy, and therefore, the government was timely informed of his intent to plead guilty. The government established that it had made extensive trial preparations including flying in three witnesses to testify against defendant. *See United States v. Hopper*, 27 F.3d 378, 385 (9th Cir. 1994) ("In the context of subsection (b)(2), the timeliness of a defendant's decision to plead guilty will necessarily depend on the extent of trial preparation already undertaken prior to the plea and the decision's proximity in time to the trial date."). Therefore, contrary to defendant's argument, we agree with the sentencing court that while defendant's "early notice" evinces on-going plea negotiations, defendant did not tender timely notice of his intent to plead guilty sufficient to relieve the government of trial preparation on all charges.

"The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1, comment, n.5. Therefore, affording deference to the court's determination that defendant's guilty plea only days before trial was not timely, *see e.g., Hopper*, 27 F.3d at 385 (affirming court's denial of additional one-level decrease when defendant pleaded guilty three weeks prior to trial), we determine that the district court's denial of an additional one-level decrease was not clearly erroneous.

Next, defendant asserts that the sentencing court erred in increasing his base offense level by four points for his leadership and organizational roles in the crime. The guidelines provide that "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels." U.S.S.G. 3B1.1(a). "In order for § 3B1.1 to apply, the defendant must have exercised some degree of control over others involved in the commission of the offense or he must have been responsible for organizing others for the purpose of carrying out the crime." *United States v. Valdez-Arieta*, 127 F.3d 1267, 1271 (10th Cir. 1997) (quotation omitted). The sentencing guidelines provide certain factors for the court to consider when determining whether a defendant was a leader or organizer of the criminal activity. In making this decision, the court considers

> the exercise of decision making authority, the nature of participation
> in the commission of the offense, the recruitment of accomplices, the
> claimed right to a larger share of the fruits of the crime. the degree of
> participation in planning or organizing the offense, the nature and
> scope of the illegal activity, and the degree of control and authority
> exercised over others.

U.S.S.G. § 3B1.1, comment, n.4. The guidelines do not require that each of the factors be satisfied in order for § 3B1.1 to apply. *See Valdez-Arieta*, 127 F.3d at 1271.

We have stated that the "wording of § 3B1.1(a) is disjunctive," allowing the enhancement "if defendant was either a leader or an organizer." *United States*

*v. Tagore* , 158 F.3d 1124, 1131 (10th Cir. 1998). In rejecting defendant's objection to an enhancement under § 3B1.1(a), the sentencing court found that it wasn't necessary to determine if the scheme involved more than five persons because it was otherwise extensive. The court further found that defendant was an organizer in that he recruited and directed people on the outside. Defendant's presentence report stated that defendant had prepared the majority of the fraudulent tax forms, often preparing the forms while his cellmate, Burrell, acted as a lookout. The investigation revealed that defendant obtained the blank power of attorney forms from the prison library and filled them out to correspond to the names on the tax forms. The court concluded that these facts, largely unrebutted, supported a finding that defendant held a role as leader and organizer in the scheme. We agree. Accordingly, we determine that the record in this case amply supports the district court's determination that defendant held a position as a leader and

organizer in this scheme to defraud the IRS. Therefore, the district court's four-point enhancement of defendant's base offense level under § 3B1.1(a) was not clear error.

Defendant's motion to file a supplemental brief is granted.  The judgment

of the United States District Court for the Western District of Oklahoma is

AFFIRMED.


                                        Entered for the Court


                                        Deanell Reece Tacha
                                        Circuit Judge