F I L E D
United States Court of Appeals
Tenth Circuit

JAN 12 2000

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARY LOU TAYLOR,

Defendant - Appellant.

No. 99-6173
(D.C. No. CR-97-153-M)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **TACHA, McKAY** and **MURPHY**, Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Taylor pleaded guilty to one count of fraudulently using another's credit card in violation of 18 U.S.C. § 1029(a)(5). On direct appeal, we affirmed the district court's upward departure from the guidelines, but vacated the sentence based on the court's failure to comply with Fed. R. Crim. P. 32(c) when making its determination that U.S.S.G. § 3B1.1(b) applied, and remanded for resentencing. *United States v. Taylor*, No. 98-6125, 1999 WL 17733 (10th Cir. Jan. 19, 1999) (unpublished). On remand, the district court again applied § 3B1.1(b).

In this appeal, which arises from her resentencing, Defendant challenges the increase in her offense level computation by three points under U.S.S.G. § 3B1.1(b). She asserts the evidence was insufficient to support a finding that she played a managerial or supervisory role. While acknowledging she obtained the credit card numbers from her place of employment, she states she was "simply a source of information" for the other individuals in the credit card scheme who she claims operated independently. We review a district court's legal determinations de novo and uphold its factual findings unless clearly erroneous. *See United States v. Valdez-Arieta,* 127 F.3d 1267, 1270 (10th Cir. 1997). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

2

The sentencing guidelines provide for a three level increase in a base offense level "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(b). The terms "manager" and "supervisor" apply to defendants who "exercised some degree of control over others involved in the commission of the offense" of conviction, or were "responsible for organizing others for the purpose of carrying out the crime." *United States v. Roberts*, 14 F.3d 502, 523 (10th Cir. 1993).

The guidelines set forth certain factors for the district court to consider when determining whether a defendant's role in the offense qualifies for an adjustment under § 3B1.1:

> [T]he exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1 comment. (n. 4). There is no requirement that each of these factors be satisfied before § 3B1.1 applies. *See Valdez-Arieta,* 127 F.3d at 1271.

During the resentencing hearing in April 1999, Phillip Smith, a special agent with the United States Secret Service, testified concerning the Defendant's participation in the direction of the credit card scheme, including her degree of control and her participation in organizing the criminal activity. Rec., Vol. 2,

3

Transcript at 8-27.  In ruling that § 3B1.1(b) applied, the district court stated:

> The Court, having heard the testimony of agent Phillip Smith find[s] that the adjustment for this Defendant's role in the offense, again, warrants her role as a supervisor or manager.  She orchestrated these fraudulent transactions, she provided the fraudulent credit card numbers that she obtained wrongfully from her place of employment. She furnished these credit card numbers to these individuals, as was testified to by Agent Smith, and she actually accompanied these various individuals to the location where they  made their fraudulent purchases.  She made the contact for them at the store; Latina Maltby [sales person], in particular, telling them who to contact, what to do, how [ ] to get the furniture.  She was most essential.  As testified to by Agent Smith, her participation was extensive and she in fact was essential to the fraudulent scheme being carried out.

Transcript at 29-30.  The district court did not err in increasing Defendant's offense level under § 3B1.1 (b).

AFFIRMED.

ENTERED FOR THE COURT

Monroe G. McKay
Circuit Judge