**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 30 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ERNEST CLIFTON ROWLAND,

Defendant-Appellee.

No. 99-5092
(D.C. No. 98-CR-128)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**\*

---

Before **SEYMOUR**, Chief Judge, **BALDOCK** and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

---

\*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Ernest C. Rowland pled guilty to one count of conspiracy to distribute dilaudid in violation of 21 U.S.C. § 846 and was sentenced to ninety months in prison. He appeals his sentence, arguing that dilaudid should be treated as both a depressant and an opiate under the U.S. Sentencing Guidelines (USSG), and that the district court erred in imposing a four-level enhancement for his role in the offense pursuant to USSG § 3B1.1. We affirm in part, reverse in part, and remand for resentencing.

## I

Mr. Rowland first argues that the district court erred in not applying the equivalency cap contained in the Guidelines' drug equivalency tables for Schedule II depressants. It is undisputed, however, that the active ingredient in dilaudid is hydromorphone, *see United States v. Neighbors*, 23 F.3d 306, 311 n.4 (10th Cir. 1994), and that the drug equivalency tables set forth in USSG § 2D1.1 expressly provide that 1 gram of hydromorphone equals 2.5 kilograms of marihuana. *See* USSG § 2D1.1, comment. (n.10). Under the Guidelines, opiates, including hydromorphone, are measured by weight, have individual specific marihuana equivalencies, and are not subject to a quantity cap. *See id.* Depressants, on the other hand, are measured by unit rather than by weight, are all given the same marihuana equivalency, and are subject to a cap. *See id.*

(equivalency of Schedule II depressants capped at 59.99 kilograms of marihuana).

Despite the fact that the drug equivalency tables specifically address the treatment of hydromorphone as an opiate, Mr. Rowland embarks on a convoluted argument to bring the situation here within the rule of lenity. He argues that although the drug quantity must be calculated using the required equivalency for hydromorphone, hydromorphone could be classified pharmacologically as both an opiate and a depressant, and thus the Guideline's quantity cap for depressants should also be applied. We disagree.

The structure of the drug equivalency tables simply do not allow for such a hybrid treatment. The fact that hydromorphone has some characteristics in common with depressants has no bearing on its unambiguous treatment in the equivalency tables as an opiate nor on its unambiguous lack of a quantity equivalency cap for opiates. The rule of lenity is therefore inapplicable. *See United States v. Killion*, 7 F.3d 927, 935-36 (10th Cir. 1993) (rule of lenity only applies if there is "grevious ambiguity" in the language of the Guidelines, or if its application produces an "absurd" or "glaringly injust" result); *United States v. Flores*, No. 96-2333, 1996 WL 599798 (2d Cir. Oct. 21, 1996), at *2 (an opiate such as hydromorphone is a classification clearly distinguished from depressants).

**II**

Mr. Rowland next argues that the sentencing record does not support a four-level enhancement under USSG § 3B1.1(a) for his role in the offense as an organizer or leader. We review this finding for clear error, giving due deference to the district court's application of the Guidelines to the facts. *See United States v. Owens*, 70 F.3d 1118, 1127 (10th Cir. 1995). "The government bears the burden of proving by a preponderance of the evidence the facts necessary to establish the applicability of this enhancement." *United States v. Anderson*, 189 F.3d 1201, 1211 (10th Cir. 1999). According to the Guidelines, factors a court should consider in assessing a defendant's leadership role include:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

USSG § 3B1.1, comment. (n.4).

The government argued at sentencing that the enhancement was appropriate on the ground that Mr. Rowland was the wholesaler and the sole source for the dilaudid sold by others, and that he was therefore an essential figure in the conspiracy. [1] Even if this ground were supported by the evidence, it does not

---

[1] The only other ground advanced by the government below was its argument that because Mr. Rowland was the sole wholesaler, he set the retail

support the enhancement under our cases.

We have clearly held that a defendant's role as a supplier of drugs for resale by others in the conspiracy, by itself, does not warrant the enhancement. *See, e.g., Anderson*, 189 F.3d at 1212; *Owens*, 70 F.3d at 1129; *United States v. Torres*, 53 F.3d 1129, 1143 (10th Cir. 1995). We have also repeatedly held that the enhancement cannot be based on the fact that a defendant was an essential or important figure in the criminal conduct. *See, e.g., Owens*, 70 F.3d at 1129; *Torres*, 53 F.3d at 1143; *United States v. Litchfield*, 959 F.2d 1514, 1523 (10th Cir. 1992).

Moreover, we have held that because "this is indeed a severe enhancement that deserves an appropriate level of scrutiny from sentencing courts to insure it is warranted in a particular case," *Torres*, 53 F.3d at 1143 n.14, "[a] district court must make specific findings and advance a factual basis to support an enhancement under § 3B1.1," *United States v. Valdez-Arieta*, 127 F.3d 1267, 1269-70 (10th Cir. 1997) (internal quotation omitted). *See also United States v. Ivy*, 83 F.3d 1266, 1292 (10th Cir. 1996) (citing cases). Here, in holding the enhancement proper, the sentencing court stated that

---

prices charged by other members of the conspiracy. The government does not renew this argument on appeal and we have found no support for it in the sentencing record.

the factors of United States vs. Owens exist here for purposes of the four point enhancement. That there is evidence of both organization and control, and the fact that on occasion there may have been some competition between and among conspirators, I think in no way diminishes the paramount role which the Court finds to be as a matter of law fully supportive of the four point enhancement.

Transcript of Sentencing Hearing, rec., vol. VI at 15-16.

This ruling is deficient in several critical respects. Although it makes a general reference to the relevant factors by citing to *Owens*, it lacks any specific findings on those factors that would support a factual basis for the enhancement. *See Torres*, 127 F.3d at 1143. The evidence of organization and control to which the court referred is not identified, and a reviewing court may not supply those missing specifics. *See United States v. Pelliere*, 57 F.3d 936, 940 (10th Cir. 1995) (quoting *United States v. Roberts*, 14 F.3d 502, 523 (10th Cir. 1993)). Finally, the only arguably explicit basis for the court's decision is its determination that Mr. Rowland had a "paramount role," a ground that is clearly insufficient under our case law.

We need not remand this case for clarification of the basis for the district court's ruling, however, because our review of the sentencing record establishes that it lacks evidence to support an enhancement under section 3B1.1(a). The government on appeal does not pursue the enhancement on the basis of Mr. Rowland's activity as a wholesaler or his position as an essential figure. Instead, it offers two items of evidence it contends for the first time support this

enhancement.

First, the government refers to the hearsay statement of an unidentified confidential informant characterizing Mr. Rowland as "the leader." The guidelines specifically state, however, that "titles such as 'kingpin' or 'boss' are not controlling." USSG § 3B1.1, comment. (n.4). We thus attach no significance to this statement, particularly in light of the absence of any evidence in the record to support it.

Second, the government relies on a statement by a coconspirator that Mr. Rowland approached him to sell dilaudid while another coconspirator was in prison. The government argues that this "recruitment" establishes Mr. Rowland's role as a leader or organizer. We disagree. "The gravamen of the enhancement is either the exercise of control over other participants or the organization of others for the purpose of carrying out the crime." *United States v. Tagore*, 158 F.3d 1124, 1131 (10th Cir. 1998). Thus, while recruiting others is indeed a factor for the court to consider in assessing the applicability of this enhancement, *see, e.g., United States v. Smith*, 131 F.3d 1392, 1398 (10th Cir. 1997), the significance of this factor rests on its tendency to show that a defendant controlled others or organized illegal activity. *See id.* (defendant recruited accomplices, and directed them to go out and sell contraband and to purchase necessary chemicals with money defendant supplied); *United States v. Johnson*, 911 F.2d 403, 407 (10th

Cir. 1990) (defendant planned and executed theft, recruited accomplice to fence stolen goods, and exercised control over those goods). Here, however, the record contains no evidence that the recruitment was part of a pattern of leadership or organization. The government offered no evidence that the other coconspirators worked for Mr. Rowland or at his direction, that they were paid by him for their efforts, that he organized or controlled their retail sales, or that he claimed a right to a share of their retail profits. Absent some evidence that Mr. Rowland directed or controlled the activity of this recruit or anyone else, or that he organized the criminal activity in which the recruit participated, the bare act of recruitment of one person simply does not establish Mr. Rowland's role in the offense as a leader or organizer in this extended narcotics conspiracy.

Accordingly, we conclude that the district court erred in enhancing Mr. Rowland's sentence under section 3B1.1(a) for his role in the offense. We **REVERSE** the sentence and **REMAND** for resentencing.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge