**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 27 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DONALD LEE HAYES, JR.,

Defendant-Appellant.

No. 00-5143
(D.C. No. 98-CR-174-H)
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , **BALDOCK** , and **LUCERO** , Circuit Judges.

Donald Lee Hayes, Jr. entered a guilty plea to conspiracy to possess

cocaine base with intent to distribute, in violation of 21 U.S.C. § 846, and was

sentenced to 175 months in prison. He appeals his sentence, arguing that the

district court erred in adding a two-level enhancement to his base offense level

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

for playing a leadership or organizational role in a criminal enterprise. Exercising jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, we affirm.

The United States Sentencing Guidelines provide for a two-level sentence enhancement "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity." U.S.S.G. § 3B1.1(c) (1998). A district court's conclusion on the applicability of § 3B1.1(c) is primarily a legal determination to be reviewed *de novo* . United States v. Albers , 93 F.3d 1469, 1487 (10th Cir. 1996).

The "adjustment is included primarily because of concerns about relative responsibility." U.S.S.G. § 3B1.1, cmt . background. Thus, "' *the gravamen of this enhancement is control, organization, and responsibility for the actions of other individuals* .'" Albers , 93 F.3d at 1488 (quoting United States v. Torres , 53 F.3d 1129, 1142 (10th Cir. 1995)) . "[T]o be a supervisor, one needs merely to give some form of direction or supervision to someone subordinate in the criminal activity for which the sentence is given." United States v. Backas , 901 F.2d 1528, 1530 (10th Cir. 1990). Any degree of direction will satisfy the definition of "supervision." United States v. Moore , 919 F.2d 1471, 1477 (10th Cir. 1990). Moreover, a defendant may be punished as an organizer under § 3B1.1(c), without supervisory control over others, for "devising a criminal scheme, providing the wherewithal to accomplish the criminal objective, and coordinating and

overseeing the implementation of the conspiracy." United States v. Valdez-Arieta , 127 F.3d 1267, 1272 (10th Cir. 1997).

In this case, Hayes argues that the sentencing record does not support the district court's conclusion that he was a leader or organizer. Testimony at the sentencing hearing, however, established that Hayes was the individual who set or negotiated the price of the drugs (III R. at 12, 14–15), directed their manufacture (id. at 23), and managed the timing and method of delivery of the drugs ( id. at 7–8). As the trial court stated, the evidence indicated that co-defendant Mark Johnson was "inherently subordinate" to Hayes, not a "coequal[] or equally situated in a chain of [drug] transactions." ( Id. at 52.)

Upon our review of the record, we conclude that Hayes' actions were those of a leader, organizer, and supervisor. Thus, the district court appropriately applied U.S.S.G. § 3B1.1(c) to enhance Hayes' sentence. The judgment of the United States District Court is **AFFIRMED** .

Entered for the Court

Carlos F. Lucero
Circuit Judge