FILED
United States Court of Appeals
Tenth Circuit

January 4, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

THEODIS GRIFFIN, II,

Defendant-Appellant.

No. 07-6110

Western District of Oklahoma

(D.C. No. CR-06-125-01-T)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **McKAY** and **McCONNELL**, Circuit Judges.

---

On April 23, 2007, Theodis Griffin, II, was sentenced to 24 months'
imprisonment by the United States District Court for the Western District of
Oklahoma, for producing and negotiating counterfeit checks. He appeals his
sentence, claiming that the district court improperly calculated his Guidelines
sentence by inappropriately imposing a two-level increase for his role in the

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is
therefore submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

offense and assessing three criminal history points for a state court conviction for possession of cocaine. We agree with the district court's calculation of Mr. Griffin's advisory Guidelines range and therefore affirm Mr. Griffin's sentence as procedurally reasonable.

## I. Background

On January 9, 2006, the Oklahoma Highway Patrol stopped Mr. Griffin for speeding. A records check revealed that Mr. Griffin's Alabama driver's license was suspended and the officer arrested him. In a search incident to the arrest, officers found a small ziplock bag in Mr. Griffin's sock containing cocaine. In the trunk of Mr. Griffin's car, the officers also found equipment for producing counterfeit checks, including bank account information and social security numbers of numerous individuals, blank check paper, a computer, and a printer. Mr. Griffin later admitted to making counterfeit payroll checks.

A subsequent investigation revealed additional information about Mr. Griffin's manufacture and distribution of counterfeit payroll checks. Mr. Griffin provided a confederate, Benny Fields, at least three checks written for approximately $900.00 each. Mr. Fields cashed each of the counterfeit checks and paid $250.00 of the proceeds to Mr. Griffin. Mr. Griffin also provided several checks with a face value of approximately $900.00 to Markeith Tucker, also for $250.00 per check. Later, Mr. Griffin purchased Mr. Tucker's identification card for $300.00 and negotiated counterfeit checks in the name of

Markeith Tucker. Mr. Griffin sold another approximately $900.00 check to Sandra Thomas.

Mr. Griffin was sentenced by an Oklahoma state court to five years' imprisonment for possession of cocaine (three years suspended), and one year for driving under suspension, to run concurrently. Mr. Griffin pleaded guilty in the United States District Court of the Western District of Oklahoma to one count of counterfeiting a security of an organization and one count of fraud related to an access device. 18 U.S.C. § 513(a); 18 U.S.C. § 1029(a)(1).

The Sentencing Guidelines specify a base offense level of six for violations of 18 U.S.C. § 513(a) and 18 U.S.C. § 1029(a)(1). Mr. Griffin's Presentence Investigation Report ("PSR") suggested a four-level increase pursuant to § 2B1.1(b)(1)(C), because the intended loss was more than $10,000 but less than $30,000; and a two-level increase pursuant to § 2B1.1(b)(10) because the offense involved the production of a counterfeit access device. The PSR suggested an additional two-level increase for Mr. Griffin's role in the offense and a two-level downward adjustment for acceptance of responsibility, resulting in a total offense level of twelve. The PSR calculated a criminal history score of eight, which included three criminal history points for Mr. Griffin's state conviction for possession of cocaine, establishing a criminal history category of IV. Based on this calculation, the Guidelines recommend a sentencing range of 21 to 27 months.

Mr. Griffin submitted objections to the PSR concerning his offense level calculation and criminal history computation. Mr. Griffin objected to the two-level increase for his role in the offense as an organizer, leader, manager, or supervisor, pursuant to § 3B1.1(c). He also objected to assessing three criminal history points for the state court conviction for possession of cocaine. The district court overruled both objections, accepting the PSR's advisory sentencing guideline range of 21 to 27 months' imprisonment. The district court sentenced Mr. Griffin to 24 months' imprisonment, a three year term of supervised release, and restitution. Mr. Griffin appeals the district court's rulings.

## II. Analysis

Mr. Griffin argues that his Guidelines sentence was incorrectly calculated, and, therefore, that his sentence was procedurally unreasonable. *See United States v. Geiner*, 498 F.3d 1104, 1107 (10th Cir. 2007) ("A procedurally reasonable sentence reflects the sentencing court's calculation of the applicable advisory Guidelines range and its application of the § 3553(a) factors."). He does not challenge the substantive reasonableness of his sentence. Because we find that the district court correctly calculated Mr. Griffin's Guidelines range, we affirm the sentence imposed by the district court.

### A.

The application of the two-level increase in offense level, if the defendant was an "organizer, leader, manager or supervisor" under § 3B1.1(c), is typically a

question of fact to be reviewed for clear error. *United States v. Cruz Comancho*, 137 F.3d 1220, 1223 (10th Cir. 1998). "The gravamen of this enhancement is control, organization, and responsibility for the actions of other individuals." *United States v. Albers*, 93 F.3d 1469, 1488 (10th Cir. 1996). A wholesaler/retailer or buyer/seller relationship is insufficient to warrant a role in the offense increase. *United States v. Owens*, 70 F.3d 1118, 1129 (10th Cir. 1995). However, a defendant may be punished as an organizer under § 3B1.1(c), even without supervisory control over others, for "devising a criminal scheme, providing the wherewithal to accomplish the criminal objective, and coordinating and overseeing the implementation of the conspiracy . . . ." *United States v. Valdez-Arieta*, 127 F.3d 1267, 1272 (10th Cir. 1997).

The district court found by a preponderance of the evidence that Mr. Griffin recruited Mr. Tucker and Mr. Fields to negotiate counterfeit checks that he produced, and in return for which he received a portion of the proceeds. The district court also found that Mr. Griffin was solely responsible for targeting the victims of the offense, by selecting which companies' payroll checks to counterfeit.

The district court did not commit clear error in finding that Mr. Griffin was not merely a seller, but an organizer of the counterfeiting scheme. By retaining an interest in the fraudulent negotiation of the checks, Mr. Griffin was involved with and oversaw the counterfeiting operation from beginning to end, making his

relationship to Mr. Tucker and Mr. Fields more than that of a seller to a buyer. We therefore uphold the district court's imposition of a two-level increase for Mr. Griffin's role in the offense.

**B.**

Mr. Griffin also appeals the addition of three criminal history points under § 4A1.1(a) for a "prior sentence of imprisonment exceeding one year and one month," based on his state-court conviction for possession of cocaine. A "prior sentence" is "any sentence previously imposed . . . for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). Mr. Griffin objects that possession of cocaine is part of the instant offense, because the proceeds from the fraud funded Mr. Griffin's cocaine habit and because the evidence for both crimes was seized as a result of the same arrest.

We reject Mr. Griffin's argument because the conduct underlying possession of cocaine is distinct from the conduct underlying manufacture and passing of counterfeit checks. In *United States v. Butler*, 966 F.2d 559, 564 (10th Cir. 1992), we held that possession of an unregistered firearm and drug trafficking were not "dependent upon conduct associated with the other and neither shares a common element of proof, thus the relevant conduct underlying those convictions is severable . . . ." *Id.* On the same logic, the manufacture and passing of counterfeit checks does not share a common element of proof with the offense of possession of cocaine.

Mr. Griffin responds that the temporal proximity of the two offenses renders them inseverable for purposes of § 4A1.1(a). Our holding in *United States v. Browning*, 252 F.3d 1153, 1158–59 (10th Cir. 2001), clarifies that if all of the elements of an offense occurred before any of the activities forming the basis for the instant offense, the temporal separation demonstrates that the first offense is a separate conviction under § 4A1.2(a)(1). Temporal separation is not, however, required for one offense to be "conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). Although Mr. Griffin may have been in possession of cocaine while counterfeiting checks, the two offenses share no elements of proof and no common action by Mr. Griffin.

### III. Conclusion

We conclude that the district court correctly calculated Mr. Griffin's Guidelines sentence. Because the court imposed a sentence within the appropriate Guidelines range, Mr. Griffin's sentence was procedurally reasonable. The judgment of the United States District Court for the Western District of Oklahoma is **AFFIRMED.**

Entered for the Court,

Michael W. McConnell
Circuit Judge

-7-